## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

RICHARD SOBI

        PLAINTIFF,

v.                              CASE NO.:

SALT WATER VACATIONS, LLC,

        DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Richard Sobi (hereinafter referred to as "Plaintiff" or "Sobi"), by and through his undersigned attorney, sues Salt Water Vacations, LLC, (hereinafter referred to as "Defendant" or "SWV"), and alleges as follows:

### *INTRODUCTION*

1.    Plaintiff brings this action to remedy discrimination on the basis of disability discrimination and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

### *JURISDICTION AND VENUE*

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.     Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.     Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district.

6.     Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations (FCHR No.: 202230423) and the United States Equal Employment Opportunity Commission (EEOC No.: 15D202100703) on July 22, 2021. On January 18, 2022, more than 180 days after Plaintiff's charge was filed, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff further requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received on March 21, 2022.

### *PARTIES*

7.     Plaintiff is a Caucasian male and a citizen of the State of Florida, Okaloosa County, and who resides in Santa Rosa Beach, Florida.

8.     Defendant, Salt Water Vacations, LLC, is a for-profit Florida corporation that is licensed and to do and does business in Destin, Florida.

### *GENERAL FACTUAL ALLEGATION*

9.     Plaintiff is a 54-year-old Caucasian male and a citizen of the State of Florida, Okaloosa County and who resides in Santa Rosa Beach, Florida.

10.     Defendant is a property management company that manages condos, homes, and townhomes for short-term rentals that are individually owned in Destin, Florida.

11.     Plaintiff as was employed, property portfolio manager, by the Defendant from March 9, 2021 until his unlawful termination on June 15, 2021.

12.     Defendant maintains an Equal Employment Opportunity Policy which applies to all terms and conditions of employment, including hiring, placement, promotion, termination, layoff, recall, transfers, and leaves of absences, compensation and training.

13.     During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner and was not the subject of any disciplinary or performance issues prior to his termination.

3

14.     On June 7, 2021, Plaintiff felt bad and was having chest pains, so he went to the hospital.

15.     At the time, Plaintiff was not aware that he was having atrial fibrillation that he had congestive heart failure.

16.     Plaintiff was admitted to the hospital and was not discharged until June 11, 2021.

17.     While Plaintiff was in the hospital, he continued to work and keep in touch with Defendant.

18.     Upon being discharged from the hospital, Plaintiff requested a meeting to discuss his recent diagnosis and what accommodations he would need moving forward.

19.     On June 15, 2021, when Plaintiff arrived at the office for the meeting, Plaintiff was informed that he was being terminated.

20.     At no time prior to being terminated, did Defendant ever discuss with Plaintiff his health condition or requested accommodation.

21.     When Plaintiff asked why he was being terminated, he was told, Florida is an at-will state, and their decision has been made.

FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

22.     Plaintiff repeats and re-alleges each and every allegation contained in

Paragraphs 6 and 9 through 21 of this complaint with the same force and effect as if set forth herein.

23.    The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

24.    At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than fifteen (15) employees.

25.    As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

26.    Plaintiff is, and was at all times pertinent hereto, a qualified individual with a disability.

27.    Plaintiff suffers from atrial fibrillation and congestive heart failure, which is a condition that impacts his musculoskeletal system.

28.    Plaintiff's atrial fibrillation (A-fib) is an irregular and often very rapid heart rhythm (arrhythmia) that can lead to blood clots in the heart. A-fib increases the risk of stroke, heart failure and other heart-related complications.

29.    Congestive heart failure is when the heart is unable to maintain an

adequate circulation of blood in the bodily tissues or to pump out the venous blood returned to it by the veins

30.    Atrial fibrillation and congestive heart failure also cause fatigue, difficulty sleeping, bending, walking and standing for long periods of time, it can also make an individual feel sick or tired.

31.    Atrial fibrillation and congestive heart failure are an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

32.    Plaintiff's atrial fibrillation and congestive heart failure substantially limited his ability to perform the major life functions of standing, walking, bending, lifting and affected his general musculoskeletal function.

33.    Upon learning of Plaintiff's atrial fibrillation, congestive heart failure and requested accommodations, Defendant failed engage in a good faith interactive process with Plaintiff to determine the reasonableness of his requested accommodation.

34.    Upon learning of Plaintiff's atrial fibrillation, congestive heart failure and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff.

35.    Defendant did not engage in a good faith dialogue with Plaintiff in an

attempt to "identify the precise limitations" caused by Plaintiff's atrial fibrillation and congestive heart failure did Defendant "explore potential accommodations" to overcome those limitations.

36. Defendant's termination and disqualification of Plaintiff's employment on June 15, 2021, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether reasonable accommodations would enable him to be employed by Defendant, violated the ADA.

37. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

38. The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act (ADA).

39. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic

circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
### *DISABILITY RETALIATION*
### *AMERICANS WITH DISABILITIES ACT, (ADA)*

40.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 and 9 through 21 of this complaint with the same force and effect as if set forth herein.

41.     The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

42.     Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

43.     Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

44.     When Plaintiff provided Defendant with sufficient information regarding his atrial fibrillation and congestive heart failure and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

45.     Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did

Defendant "explore potential accommodations" to overcome those limitations.

46.    Plaintiff questioned and objected to Defendant's failure to discuss his accommodation requests and about his termination after having been discharged from the hospital.

47.    Prior to Plaintiff's termination, he had not been the subject of any disciplinary action written or otherwise, yet when he asked why he was being terminated, he was told he was at will and no reason was needed and their decision had been made.

48.    Defendant's June 15, 2021, termination and disqualification of Plaintiff's employment was in retaliation for him seeking a good faith accommodation, his objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

49.    Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

### THIRD CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

50.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 and 9 through 21 of this complaint with the same force and effect as if set forth herein.

51.     The Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

52.     At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Florida Civil Rights Act, as the Defendant employed more than fifteen (15) employees.

53.     As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

54.     Plaintiff is, and was at all times pertinent hereto, a qualified individual with a disability.

55.     Plaintiff suffers from Atrial fibrillation and congestive heart failure which is a condition that impacts his musculoskeletal system.

56.     Plaintiff's Atrial fibrillation (A-fib) is an irregular and often very rapid heart rhythm (arrhythmia) that can lead to blood clots in the heart. A-fib increases the risk of stroke, heart failure and other heart-related complications.

57.     Congestive heart failure is when the heart is unable to maintain adequate circulation of blood in the bodily tissues or to pump out the venous blood returned to it by the veins

58.     Atrial fibrillation and congestive heart failure also cause fatigue, difficulty sleeping, bending, walking and standing for long periods of time, it can also make an individual feel sick or tired.

59.     Atrial fibrillation and congestive heart failure are an impairment and disability within the meaning of the FCRA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

60.     Plaintiff's Atrial fibrillation and congestive heart failure substantially limited his ability to perform the major life function of standing, walking, bending, lifting and effected his general musculoskeletal function.

61.     Upon learning of Plaintiff's Atrial fibrillation and congestive heart failure and requested accommodations, Defendant failed engage in a good faith interactive process with Plaintiff to determine the reasonableness of his requested accommodation.

62.     Upon learning of Plaintiff's Atrial fibrillation and congestive heart failure and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff.

11

63.    Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's atrial fibrillation and congestive heart failure nor did Defendant "explore potential accommodations" to overcome those limitations.

64.    Defendant's termination and disqualification of Plaintiff's employment on June 15, 2021, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable him to be employed by Defendant, violated the FCRA.

65.    Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

66.    The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Florida Civil Rights Act

67.    As a result of the Defendant's violations of the FCRA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental,

psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

FIFTH CAUSE OF ACTION
(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)

68.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 and 9 through 21 of this complaint with the same force and effect as if set forth herein.

69.    The Florida Civil Rights Act prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

70.    Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

71.    Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

72.    When Plaintiff provided Defendant with sufficient information regarding his atrial fibrillation and congestive heart failure and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the FCRA.

73.    Defendant did not engage in a good faith dialogue with Plaintiff in an

13

attempt to "identify the precise limitations" caused by Plaintiff's disability nor did Defendant "explore potential accommodations" to overcome those limitations.

74.     Plaintiff questioned and objected to Defendant's failure to discuss his accommodation requests and about his termination after having been discharged from the hospital.

75.     Prior to Plaintiff's termination, he had not been the subject of any disciplinary action written or otherwise, yet he asked why he was being terminated, he was told he was at will and no reason was needed and their decision had been made.

76.     Defendant's June 15, 2021, termination and disqualification of Plaintiff's employment was in retaliation for him seeking a good faith accommodation, his objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the FCRA.

77.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)      Declaring the acts and practices complained of herein are violation of the ADA and the Florida Civil Rights Act (FCRA);

b)      Enjoining and permanently restraining those violations of the ADA and the Florida Civil Rights Act (FCRA);

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further equitable or other relief as the Court

deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: June 6, 2022.        By: *s/ Clayton M. Connors*
                            CLAYTON M. CONNORS
                            Florida Bar No.: 0095553
                            Email: cmc@westconlaw.com
                            **THE LAW OFFICES OF**
                            **CLAYTON M. CONNORS, PLLC.**
                            4400 Bayou Blvd., Suite 32A
                            Pensacola, Florida 32503
                            Tel:  (850) 473-0401
                            Fax: (850) 473-1388
                            Attorney for the Plaintiff